UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LANCE A. COLE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:03CV622SNL |
| ) | |
| MICHAEL HURT, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

This matter is before the Court on six motions. Joshua Miklovic ("Miklovic") has filed a Renewal of Motion for Judgment after Trial (#86). Lance A. Cole ("Cole") has filed a First Motion for Attorney's Fees (#90), a First Motion for Bill of Costs (#92) (which is unsigned), an Amended Motion for Bill of Costs (#93), a Supplemental Motion for Attorney's Fees (#96), and a Second Supplemental Motion for Attorney's Fees (#101).

Cole's Second Amended Complaint alleged a federal civil right excessive force claim and a state law assault and battery claim against Defendant Michael Hurt ("Hurt") and Miklovic. Cole submitted to the jury the civil rights claim against each Defendant, and did not submit the state law claim. The jury returned a verdict of $2,500.00 against only Defendant Miklovic. Cole did not prevail on his claim against Hurt.

On January 25, 2005, judgment was entered in this case in favor of Cole against Miklovic. Miklovic filed a Renewal of Motion for Judgment after Trial on February 9, 2005. Cole has argued in opposition that the Motion should be denied on the ground that it is untimely, or in the alternative, the Motion should be denied on its merits. The Motion for Judgment after Trial is untimely because it was filed later than ten days after entry of judgment, and therefore it should be denied. *See* FED.R.CIV.P. 50(b); 59(b), (d), and (e).

Cole has filed two separate Bill of Costs motions. As an initial matter, Cole's First Motion for Bill of Costs should be denied on the basis that it is unsigned (#92). Apparently, realizing this error, Cole filed his Amended Motion for Bill of Costs, which was signed by counsel (#93), in which he requests reimbursement for $1,164.91 in costs.

Rule 54 of the Federal Rules of Civil Procedure provides that a prevailing party will normally recover costs. A district court has broad discretion to award costs, guided by the presumption of Rule 54 that those costs will typically be awarded. See Cantrell v. International Brotherhood of Elec. Workers, 69 F.3d 456, 457-459 (10th Cir. 1995). Costs that are taxable against the losing party are defined in 28 U.S.C. § 1920. See Pershern v. Fiatallis North America, Inc., 834 F.2d 136, 140 (8th Cir. 1987). For example, absent extraordinary or compelling circumstances, travel of attorneys is not a taxable cost of taking depositions. Hollenbeck v. Falstaff Brewing Corp., 605 F.Supp. 421, 439 (E.D.Mo. 1984); See also, 28 U.S.C. § 1920 (2).

Defendants challenge three itemized components of the total amount requested. Specifically, Defendants argue that Cole is not entitled to: $50.00 for service of summons other than by the marshal; $10.75 for a search of plaintiff's criminal record; and $160.58[1] in mileage for visiting plaintiff and attending depositions. Defendants contend that these costs were not "necessarily" incurred "for use in the case." (*citing* 28 U.S.C. § 1920(1),(2),(4); *See* 10 Wright, Miller, & Kane, Federal Practice and Procedure 3d § 2677 (1998) (service other than by marshal, investigation charges, travel)).

---

[1]Defendants actually argue that Cole is not entitled to $160.75 in mileage, but this is a typographical error because Cole's itemized sheet states that $160.58 was spent in mileage. Thus, the Court will assume for purposes of the instant Motion for Bill of Costs that Defendants challenge the amount of $160.58 which is the amount specifically stated by Cole. See Defs.' Mem. in Opp'n at 5.

This Court finds that Cole is not entitled to $50.00 for service of summons other than by the marshal, nor is he entitled to $160.58 in mileage for visiting plaintiff and attending depositions because 28 U.S.C. § 1920 contains no provision for such expenses. Furthermore, Cole is not entitled to $10.75 for a search of plaintiff's criminal record because 28 U.S.C. § 1920 also contains no provision for this expense. The remaining costs, which total $943.58, appear to be proper pursuant to 28 U.S.C. § 1920, and thus should be taxed against Defendant Miklovic.

Finally, this Court must address the issue of attorney's fees. In fact, Plaintiff has submitted three separate motions for attorney's fees. The first motion for attorney's fees is a request for a total amount of $29,542.50 which is based on the number of hours expended by Cole's counsel, Michael T. George ("George"), and George's paralegal, C. Joette Martin ("Martin"), multiplied by their respective hourly rates. In this case, George worked a total of 177.90 hours at a rate of $150.00 per hour for a total of $26,685.00. Martin worked 63.50 hours at a rate of $45.00 for a total of $2,857.50.

In Hensley v. Eckerhart, 461 U.S. 424 (1983) the Supreme Court set out a rubric for the calculation of fee awards. There, the Court held that "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Id. at 433. In determining the overall reasonableness of an award of attorneys' fees, the Court may adjust the "lodestar" amount computed above as the Court considers the twelve (12) factors first pronounced in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974); used to determine the reasonableness of the fee. These factors are:

1)    The time and labor required;

2)    The novelty and difficulty of the questions;

3) The skill requisite to perform the legal service properly;

4) The preclusion of other employment by the attorney due to acceptance of the case;

5) The customary fee;

6) Whether the fee is fixed or contingent;

7) Time limitations imposed by the client or the circumstances;

8) The amount involved and the results obtained;

9) The experience, reputation and ability of the attorney(s);

10) The undesirability of the case;

11) The nature and length of the professional relationship with the client; and

12) Awards in similar cases.

Blanchard v. Bergeron, 489 U.S. 87, 92 n.5, 109 S.Ct. 939 (1989). Pennsylvania v. Delaware Valley Citizens Council for Clean Air, 478 U.S. 546, 564 106 S.Ct. 3088 (1986); Johnson, 488 F.2d at 717-719.

This Court does not find the hourly rates unreasonable. However, this Court does find that the number of hours expended by George and Martin are somewhat excessive given the results obtained in that Cole prevailed against Miklovic and not against the other Defendant, Hurt. Therefore, reducing Plaintiff's request by one-third the number of hours for each of the attorney and paralegal fees would best represent a reasonable award. Thus, the Court should grant the motion in part and award reasonable attorney's fees in the total amount of $19,695.00.

Plaintiff has also submitted a Supplemental Motion for Attorney's Fees (#96) in which he seeks an additional $975.00 (6.5 hours at $150.00/hour) for time expended responding to Defendant's Renewal of Motion for Judgment After Trial. This Motion is without merit because it should have taken Plaintiff's counsel no more than a couple of minutes to read that pursuant to

Federal Rules of Civil Procedure 50(b); 59(b), (d), and (e), the Motion for Judgment after Trial is untimely as it was clearly filed later than ten days after the entry of judgment,[2] which is assuming that Plaintiff's attorney[3] did not already know that the Federal Rules have a ten day timeliness requirement for such a post trial motion in the first place.  As such, Plaintiff's Supplemental Motion for Attorney's Fees (#96) should be denied because the requested amount is unreasonable.

Plaintiff has also filed a Second Supplemental Motion for Attorney's Fees in which he requests $855.00 (for 5.7 hours of work at $150.00/hour) for time spent preparing his Reply to Defendant's Memorandum in Opposition to Plaintiff's Motion for Attorney's Fees.  Plaintiff was under no obligation to file a Reply on this issue.  Certainly, such over briefing on the issue of attorney's fees is unnecessary.  Just because Plaintiff's counsel took it upon himself to file a Reply does not mean that he is entitled to payment for those efforts.  Therefore, Plaintiff's Second Supplemental Motion for Attorney's Fees (#101) should be denied because counsel's extracurricular endeavor was strictly of his own choosing and unnecessary.  Therefore, awarding Plaintiff those costs would be unreasonably excessive.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Miklovic's Renewal of Motion for Judgment After Trial be and hereby is **DENIED** (#86).

**IT IS FURTHER ORDERED** that Plaintiff's First Motion for Bill of Costs (UNSIGNED) be and hereby is **DENIED** (#92).

---

[2] In fact, the motion was filed fifteen days after the date of entry of judgment.

[3] who is licensed in Missouri, Illinois, and California, according to his business letterhead submitted together with his Motion for Bill of Costs.

**IT IS FURTHER ORDERED** that Plaintiff's Amended Motion for Bill of Costs be and hereby is **GRANTED** in part and **DENIED** in part (#93) and that costs are taxed against Joshua Miklovic in the amount of $943.58.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Attorney's Fees and Expenses and for Leave to Supplement Same be and hereby is **GRANTED** in part and **DENIED** in part (#90). Plaintiff's motion for attorney's fees is granted in the amount of $19,695.00.

**IT IS FURTHER ORDERED** that Plaintiff's Supplemental Motion for Attorney's Fees be and hereby is **DENIED** (#96).

**IT IS FURTHER ORDERED** that Plaintiff's Second Supplemental Motion for Attorney's Fees be and hereby is **DENIED** (#101).

Dated this  5th  day of July, 2005.

_____
SENIOR UNITED STATES DISTRICT JUDGE